IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VASHTI JOHNSON,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 23-CV-0799 |
| SYNCHRONY GROUP LLC, *et al.*,<br>    Defendants. | : | |

## MEMORANDUM

SCOTT, J.                                                                                                                                                                                         MAY 22, 2023

Plaintiff Vashti Johnson initiated this civil action by filing a *pro se* Complaint raising claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). She names the following Defendants: Synchrony Group LLC; Experian Information Solutions Inc.; Equifax Inc.; and Trans Union LLC. Johnson also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Johnson will be given an opportunity to file an amended complaint.

## I.    FACTUAL ALLEGATIONS[1]

The allegations in Johnson's Complaint are sparse. She alleges that on January 6, 2023, she "sent a written dispute . . . to Defendant, a data furnisher and consumer reporting agencies, disputing the completeness and/or accuracy of a tradeline by Synchrony Group LLC – account number 604419217712****." (Compl. at 1.)[2] She further alleges that the tradeline "was in

---

[1] The facts set forth in this Memorandum are taken from Johnson's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] Although Johnson names four Defendants, throughout her Complaint she refers generally to a singular "Defendant" without further clarification as to which Defendant she refers.

consumer reports concerning [Johnson]," and that the consumer reports were "prepared, maintained, and published to others by Defendant." (*Id.*) Johnson states that "Defendant negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the date in consumer reports concerning [Johnson], and to investigate, delete, or modify the disputed information, and provide a response to [Johnson] within 30 days of receipt of Plaintiff's dispute." (*Id.*)

Johnson attaches various exhibits to her Complaint, including her January 6, 2023 letter to Synchrony Bank complaining about the "derogatory rating" on her credit reports and requesting itemized statements and other documentation. (*Id.* at 8.) She also demanded that the "negative marks" be deleted if she was not provided with the information. (*Id.*) Johnson also attaches letters addressed to Equifax, Experian, and TransUnion, in which she informs each Defendant that they are "reporting inaccurate and incomplete credit information" concerning the Synchrony Bank account and "misrepresenting the high balance and the date of last activity inaccurate and inconsistent across bureaus." (*Id.* at 10-12, 15-17, 20-22.) While Johnson appears to identify the alleged inaccurate account information, she does not allege why the information is inaccurate. (*See id.*) Johnson also attaches excerpts from what appears to be her credit report, identifying the delinquent account and derogatory rating (*id.* at 25), notices from lenders informing Johnson that her applications for loans or financing were denied (*id.* at 27-28, 30-31; 33), a Notice of Judgment in the case of S*ynchrony Bank C/O Patenaude & Felix, A.P.C. v. Vashti Johnson*, No. MJ-32247-CC-0000362-2022 (Pa. Commw. Ct.) (*id.* at 35), and various letters addressed to Johnson from debt collectors, some of which appear to be unrelated to the Synchrony Bank account (*id.* at 36-48).

Johnson alleges that as a result of Defendant's conduct, she "has suffered personal and

consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim against a consumer reporting agency under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[3]

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the consumer reporting agency must "conduct a reasonable

---

[3] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C.A. § 1681i(a)(1)(A). To hold a consumer reporting agency liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed against a consumer reporting agency under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) ("As with § 1681e(b) claims, '[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate.") (citations omitted, alterations in original). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 344-45 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the consumer reporting agency itself, a plaintiff must allege that she "filed a notice of

dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b) (when a furnisher receives notice from a consumer reporting agency regarding the completeness or accuracy of information provided by the furnisher, the furnisher's duty to conduct an investigation with respect to the disputed information is triggered). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). The FCRA has several provisions that create liability for violations of the Act. *SimmsParris*, 652 F.3d at 358. However, "under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

Johnson does not indicate in her Complaint the sections of the FCRA on which she bases her claims. Even liberally construing the Complaint, Johnson has not pled a plausible claim against any of the four named Defendants. With regard to her claims against the consumer reporting agencies – Experian, Equifax, and Transunion – Johnson has not alleged the necessary factual information required to show that a statutory violation occurred. As noted above, Johnson attached to her Complaint letters addressed to Equifax, Experian, and Trans Union, in each of which she tells Defendant that they are "reporting inaccurate and incomplete credit information" concerning the "SYNCB/PPC" account and "misrepresenting the high balance and

the date of last activity." (*See* Compl. at 10-12, 15-17, 20-22.) She also requested that the "items be investigated and removed from [her] report." (*See id.*) While Johnson appears to indicate that the "high balance" and "date of last activity" on her consumer reports are somehow inaccurate, she does not specify how the information is inaccurate. (*See id.*) Thus, Johnson has not sufficiently set forth facts describing what inaccurate information she believes was included in her consumer reports or clearly explained why the information was inaccurate.[4] *See, e.g., Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (concluding that plaintiff failed to state a FCRA claim when, among other things, she failed to "describe[] the allegedly false and misleading information that appears in the accounts); *Whiteford v. Equifax Inc.*, No. 21-94, 2021 WL 3683293, at *3 (W.D. Pa. Aug. 18, 2021) (dismissing § 1681e(b) claim because plaintiff failed to plead any inaccuracies); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report).

To the extent that Johnson seeks to present a claim against Synchrony Bank as a furnisher of information, her allegations are undeveloped. While the exhibits attached to Johnson's Complaint suggest that she notified the consumer reporting agencies and Synchrony Bank of the

---

[4] The Court will not speculate as to Johnson's claims based on the attachments to her Complaint. Indeed, a plaintiff may not state a claim by relying solely on exhibits. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). Moreover, it is unclear to the Court how the state court judgment against Johnson by Synchrony Bank supports a claim under the FCRA. *See RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

allegedly inaccurate information, Johnson has not alleged that Synchrony Bank failed to correct the inaccurate information after receiving notice from the consumer reporting agencies. *See SimmsParris*, 652 F.3d at 358 (explaining that the notice of dispute under § 1681s-2(b) "must be given by a credit reporting agency, and cannot come directly from the consumer"); *Harris*, 696 F. App'x at 91 ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute."); *Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations).

Accordingly, Johnson's Complaint, as pled, fails to allege a plausible FCRA claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Johnson's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will grant Johnson leave to amend so she has an opportunity to "flesh out [her] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should clearly describe the factual basis for any FCRA claims. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

_____
KAI SCOTT, J.